2020 IL App (2d) 180296
No. 2-18-0296
Opinion filed September 18, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-CF-470 |
| JOHN SPERRY, | ) ) | Honorable John A. Barsanti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justices Zenoff and Hudson concurred in the judgment and opinion.

**OPINION**

¶ 1    Following a jury trial, the defendant, John Sperry, was convicted of aggravated battery

(720 ILCS 5/12-3.05(e)(1) (West 2016)) and aggravated fleeing and eluding (625 ILCS 5/11-

204.1(a)(1) (West 2016)) and was sentenced to a total of seven years' imprisonment.  On appeal,

the defendant argues that (1) the jury was improperly instructed as to the elements of aggravated

battery, (2) he was deprived of the effective assistance of counsel, and (3) the cumulative effect of

the trial errors deprived him of a fair trial. We reverse and remand for additional proceedings.

¶ 2                                     I. BACKGROUND[1]

¶ 3      On April 12, 2017, the State charged the defendant by indictment with attempted first-degree murder (720 ILCS 5/8-4(a) (West 2016)), aggravated battery (*id.* § 12-3.05(e)(1)), two counts of aggravated fleeing and eluding (625 ILCS 5/11-204.1(a)(1), (4) (West 2016)), and reckless driving (*id.* § 11-503(a)(1)). The charges stemmed from a shooting incident on March 4, 2017, during which the defendant shot Angel Ortiz, drove away, and failed to stop for the police.

¶ 4      On January 8, 2018, the trial court conducted a jury trial on the charges against the defendant. Ortiz testified that he had known the defendant for 35 years. The defendant used to live with him and several members of Ortiz's extended family. The defendant had moved out two months before the shooting but still drove by the house daily in his old Cadillac, screeching his tires and honking. Ortiz testified that, on March 4, 2017, he got angry when he saw the defendant stop his car in Ortiz's driveway. He walked up to within three feet of the defendant's car and yelled at him. Seconds later, the defendant reached into his coat, pulled out a gun, pointed it at Ortiz, and shot at his head. Later, at the hospital, Ortiz learned that a bullet had cracked his jaw.

¶ 5      The defendant testified that he stopped at Ortiz's house because he wanted to find out why one of Ortiz's family members had a car at the garage that the defendant rented. Ortiz approached

---

[1] The State asserts that the defendant's statement of facts in his appellate brief violates Illinois Supreme Court Rule 341(h)(6) (eff. May 25, 2018) because the facts are inaccurate in parts and argumentative as a whole. The State therefore requests that we wholly disregard the defendant's statement of facts or, in the least, disregard the erroneous and unduly argumentative portions therein. As the facts that the State complains of are not pertinent to this appeal, we deny its request.

his car and started arguing with him, saying that he was going to "kick [the defendant's] a***." Ortiz came near the car twice and then threw something at him, but the defendant did not know what it was. Ortiz "took off" when he noticed a gun on the passenger seat. When the defendant tried to pick up the weapon to put it in his coat, the gun went off by itself. The defendant denied aiming the firearm, pulling the trigger, or intending to hurt, shoot, or kill Ortiz.

¶ 6 After the shooting, the defendant sped away, traveling 60 to 70 miles per hour. Police observed him committing numerous traffic violations. Police arrested the defendant after his vehicle struck a pole.

¶ 7 Following the testimony, the jury received instruction on (1) attempted first-degree murder, (2) aggravated battery based on the use of a firearm, and (3) aggravated fleeing and eluding. The parties agreed that the jury should also receive instruction on the lesser-included offense of reckless conduct. The definitional instruction for aggravated battery provided that a person commits an aggravated battery when he "knowingly *** causes bodily harm" to another by the discharge of a firearm. Under the issues instruction, finding the defendant guilty of aggravated battery required the State to prove three propositions beyond a reasonable doubt: (1) the defendant "knowingly discharged a firearm," (2) the defendant caused any injury to Ortiz in discharging that firearm, and (3) the defendant was not justified in using the force that he used.

¶ 8 During its deliberations, the jury sent a note asking, "Does 'knowingly discharged a firearm,' mean he intended to discharge the gun on purpose or he knew a gun was discharged?" The parties acknowledged that Illinois Pattern Jury Instructions, Criminal, No. 5.01B (4th ed. 2000) (IPI Criminal 4th) defined "knowingly." However, the court and the parties decided not to give that instruction. Instead, the parties agreed with the court's response that "I [*sic*] my discretion I am not giving you further instructions on this issue. The instructions you received are sufficient."

¶ 9    After completing deliberations, the jury acquitted the defendant of attempted first-degree murder but found him guilty of aggravated battery and both counts of aggravated fleeing and eluding.  Following the denial of his motion for a new trial, the court sentenced the defendant to consecutive sentences of six years for aggravated battery and one year for aggravated fleeing and eluding.  The defendant timely filed a notice of appeal.

¶ 10                                    II. ANALYSIS

¶ 11    On appeal, the defendant raises three issues.  We first address his second contention—that trial counsel was ineffective for agreeing with the trial court's incorrect response to the jury's question about the legal definition of "knowingly" and for failing to offer IPI Criminal 4th No. 5.01B—because resolving that issue disposes of this appeal.

¶ 12    We evaluate ineffective-assistance claims by using the *Strickland* test (*Strickland v. Washington*, 466 U.S. 668, 687-94 (1984)), which requires a defendant to show that counsel's performance was both objectively unreasonable and prejudicial.  *People v. Albanese*, 104 Ill. 2d 504, 526-27 (1984) (adopting the *Strickland* test).  We determine the objective reasonableness of a counsel's performance by comparison to "prevailing professional norms."  *Strickland*, 466 U.S. at 688.  A counsel's incompetence becomes prejudicial when it raises a reasonable probability that the result of the proceeding would have been different, *i.e.*, where the deficient performance undermines confidence in the outcome, rendering the trial result unreliable or the proceeding fundamentally unfair.  *Id.* at 694; *People v. Moore*, 356 Ill. App. 3d 117, 121 (2005).

¶ 13    Jury instructions give the jurors the legal principles applicable to the case facts so that they can reach a correct conclusion according to the law and evidence.  *People v. Fuller*, 205 Ill. 2d 308, 343 (2002).  In a criminal case, the applicable Illinois Pattern Jury Instruction "shall be used, unless the court determines that it does not accurately state the law."  Ill. S. Ct. R. 451(a) (eff. Apr.

8, 2013).  In determining the adequacy of instructions, a reviewing court will consider all the instructions as a whole to ascertain if they fully and fairly cover the law.  *People v. Housby*, 84 Ill. 2d 415, 433-34 (1981).

¶ 14    In this case, the aggravated battery charge alleged that the defendant "knowingly caused bodily harm to Angel Ortiz, by discharging a firearm, and knowingly causing harm to Angel Ortiz."  Accordingly, the State was required to prove that the defendant (1) knowingly discharged the gun and (2) knowingly caused harm to Ortiz.  720 ILCS 5/12-3.05(e)(1) (West 2016); *People v. Lovelace*, 251 Ill. App. 3d 607, 618-19 (1993).  The jury received instruction on the elements of aggravated battery under Illinois Pattern Jury Instructions, Criminal, No. 11.115 and No. 11.116 (approved Apr. 13, 2015) (IPI Criminal No. 11.115 and No. 11.116).  However, the court did not give the IPI Criminal 4th No. 5.01B.  That instruction provides the following definition of "knowingly":

"[1] A person [(knows) (acts knowingly with regard to) (acts with knowledge of)] the nature or attendant circumstances of his conduct when he is consciously aware that his conduct is of such nature or that such circumstances exist.  Knowledge of a material fact includes awareness of the substantial probability that such fact exists.

[2] A person [(knows) (acts knowingly with regard to) (acts with knowledge of)] the result of his conduct when he is consciously aware that such result is practically certain to be caused by his conduct."  IPI Criminal 4th No. 5.01B.

¶ 15    A court need not define the term "knowingly" in an original set of jury instructions because the term is within the jury's common knowledge (*People v. Powell*, 159 Ill. App. 3d 1005, 1013 (1987)).  However, once a jury asks for clarification, the issue is not whether the instructions were legally proper, but rather, were they understood by the jury (*People v. Comage*, 303 Ill. App. 3d

269, 273 (1999)). The fact that the jury asked the question shows at least some jurors did not find the instructions helpful when applying them to the case facts. *People v. Childs*, 159 Ill. 2d 217, 231 (1994). As such, since IPI Criminal 4th No. 5.01B's addition in 1989, a general rule has emerged: if a jury asks the court to define a mental state term, or manifests confusion or doubt regarding such a term's meaning, the court must instruct them accordingly. *People ex rel. City of Chicago v. Le Mirage, Inc.*, 2013 IL App (1st) 093547-B, ¶ 100; see also *People v. Lowry*, 354 Ill. App. 3d 760, 765-68 (2004).

¶ 16    In *Lowry*, the first district addressed the same issue that we face. There, the defendant was found guilty of aggravated battery and armed robbery. *Lowry*, 354 Ill. App. 3d at 761. During deliberations, the jury sent a note to the court, questioning the meaning of "knowingly." Defense counsel, the State, and the court agreed to tell the jury to keep deliberating. On appeal, the defendant contended his trial counsel was ineffective by failing to tender to the jury the pattern jury instruction defining the mental state for "knowingly." *Id.* at 763. The defendant argued that the jury's question was concerning a substantive issue of law—the definition of "knowingly." *Id.* at 764.

¶ 17    The *Lowry* court noted that defense counsel had the benefit of IPI Criminal 4th No. 5.01B "to clear up the jury confusion as to the meaning of 'knowingly.' " *Lowry*, 354 Ill. App. 3d at 765. That instruction was added to the Illinois Pattern Jury Instructions specifically as a result of *People v. Brouder*, 168 Ill. App. 3d 938 (1988). *Brouder* found reversible error when, after the jury expressed confusion, the court failed to provide an instruction defining "knowingly." IPI Criminal 4th No. 5.01B, Committee Note, at 142; *Lowry*, 354 Ill. App. 3d at 765. According to the *Lowry* court, "IPI Criminal 4th No. 5.01B would have provided the jurors with the guidance they were requesting." *Lowry*, 354 Ill. App. 3d at 766. *Lowry* held that "the failure to offer an instruction

essential to the fair determination of the case by the jury cannot be excused as trial strategy." *Id.* at 767. Further, *Lowry* held that "[d]efense counsel's failure to offer the proper instruction in response to the question by the jury was not trial strategy, but the result of his own confusion regarding the question asked by the jury." *Id.* *Lowry* determined that the failure to offer the instruction resulted in deficient representation. *Id.*

¶ 18 Here, as in *Lowry*, the defendant was charged with aggravated battery. During deliberations, the jury raised a question as to the meaning of "knowingly." That term directly related to the defendant's mental state, which was the critical issue at trial. Rather than suggesting that the jury receive the applicable Illinois Pattern Jury Instruction that defined "knowingly," defense counsel instead acquiesced with the State to withhold the instruction. As a result, the jury did not receive the guidance sought. Applying *Lowry*, we hold that the defense counsel's performance was deficient and prejudiced the defendant.

¶ 19 The State argues that *Lowry* is distinguishable because there the court reversed the defendant's conviction based on numerous errors that occurred. We disagree with the State's characterization of *Lowry*. Although the *Lowry* court also held that the State had committed a discovery violation and had made improper closing arguments, the court did not indicate it would have affirmed the defendant's conviction absent those additional errors. Indeed, it is well-established that ineffective assistance of counsel that prejudices a defendant is enough to warrant a new trial. *People v. Krankel*, 102 Ill. 2d 181, 189 (1984).

¶ 20 The State also contends that *Lowry* is distinguishable because there trial counsel demonstrated confusion over the applicable law, while here defense counsel did not. The State further argues that it was defense counsel's strategy to allow the jury to be confused because "such misunderstanding would have been to the defendant's benefit." The State points out that the jury

asked if it needed to find that the defendant discharged his gun "on purpose." The State suggests that "on purpose" is a higher mental state than "knowingly." Therefore, defense counsel could have believed that it was to the defendant's benefit if the jury thought that it could convict the defendant only if he had discharged the weapon "on purpose."

¶ 21    The State mischaracterizes the jury's question. The jury did not just ask whether "knowingly discharge of a firearm" meant that the defendant discharged the gun on purpose but also whether that phrase meant the defendant "knew a gun was discharged." The second part of the jury's question thus went to whether the defendant could have knowingly discharged a gun even if that gun went off by accident. Defense counsel should have requested that the court provide instruction to the jury on the proper definition of "knowingly." Doing so could have precluded jury confusion leading to an aggravated battery conviction even though it found that the weapon did discharge accidentally. See *People v. Ogunsola*, 87 Ill. 2d 216, 222 (1981) ("Fundamental fairness includes, among other things, seeing to it that certain basic instructions, essential to a fair determination of the case by the jury, are given."); *People v. Johnson*, 2013 IL App (2d) 110535, ¶ 68 (The purpose of jury instructions is to "give the jurors the correct principles of law applicable to the facts so they can reach a correct conclusion according to the law and the evidence."). Defense counsel's failure to request proper instruction for the jury cannot be considered strategy. *Lowry*, 354 Ill. App. 3d at 766-67.

¶ 22    Accordingly, as the defendant was prejudiced by his counsel's representation, we reverse and remand for a new trial.

¶ 23    In the interests of judicial economy, we next address the defendant's first contention since that issue is likely to reoccur on remand. The defendant contends that he was deprived of a fair trial because the jury was provided with an issues instruction that misstated the elements of

aggravated battery. Specifically, the court erred in giving IPI Criminal No. 11.116 because that instruction, though it required proof that defendant "knowingly discharged a firearm," did not require proof of any mental state for the element that defendant, "in discharging the firearm \*\*\* caused any injury to Angel Ortiz[.]"

¶ 24    As stated earlier (*supra* ¶ 14), to establish that the defendant had committed aggravated battery, the State was required to prove that the defendant (1) knowingly discharged the gun and (2) knowingly caused harm to Ortiz. *Lovelace*, 251 Ill. App. 3d at 618-19. In instructing the jury, the trial court gave definitional and issues instructions under IPI Criminal Nos. 11.115 and 11.116. The definitional instruction given in this case, based on IPI Criminal No. 11.115, stated:

> "A person commits the offense of aggravated battery when he knowingly without legal justification and by any means causes bodily harm to another person, and discharges a firearm, other than a machine gun or a firearm equipped with a silencer, and causes any injury to another person." See IPI Criminal No. 11.115.

The issues instruction given in the case, based on IPI Criminal No. 11.116, stated:

> "To sustain the charge of aggravated battery, the State must prove the following propositions:
>
> (1) That the defendant knowingly discharged a firearm; and
>
> (2) That, in discharging the firearm, the defendant caused any injury to Angel Ortiz; and
>
> (3) That the defendant was not justified in using the force which he used." See IPI Criminal 4th No. 11.116.

¶ 25    Again, the purpose of jury instructions is to provide the jury with the correct legal principles applicable to the evidence so that the jury may reach a correct conclusion according to the law and

evidence. *People v. Bannister*, 232 Ill. 2d 52, 81 (2008). Jury instructions should be construed as a whole. *People v. Parker*, 223 Ill. 2d 494, 501 (2006). Accordingly, a single instruction need not state all the law of the case nor all of the relevant law on a given subject. *People v. Mills*, 40 Ill. 2d 4, 15 (1968); *People v. Kelly*, 8 Ill. 2d 604, 616 (1956) (*per curiam*). In determining the adequacy of instructions, a reviewing court will consider all the instructions as a whole to ascertain if they fully and fairly cover the law. *Johnson*, 2013 IL App (2d) 110535, ¶ 68.

¶ 26     Here, when read together, the instructions adequately convey that the State was required to prove that the defendant (1) knowingly discharged the gun and (2) knowingly caused harm to Ortiz. Providing those principles of law to the jury via multiple instructions is not a problem since there is no single-instruction requirement. See *Mills*, 40 Ill. 2d at 15; *Kelly*, 8 Ill. 2d at 616. Accordingly, we reject the defendant's argument that the jury instructions did not accurately state the law.

¶ 27     In so ruling, we reject the defendant's argument that the above instructions were inconsistent. Those two instructions provided that the defendant committed aggravated battery when he (1) knowingly caused harm to another person and (2) knowingly discharged a firearm. Reading these instructions together, as we must, provides that the State must establish both of those principles. The defendant's argument—that they are inconsistent—is contrary to our supreme court's guidance on construing jury instructions. See *Parker*, 223 Ill. 2d at 501. Further, even absent such authority, we would not find that the instructions were inconsistent. The instructions would be inconsistent, for example, if one instruction provided that a defendant's knowledge of the consequences of his actions need not be established but a second instruction required proof of such knowledge. As the instructions in the present case were not phrased like this, defendant's claim is without merit.

¶ 28 As we have already determined that the defendant's second contention is meritorious, we need not address his third contention—that the cumulative effect of the trial errors deprived him of a fair trial.

¶ 29                                          III. CONCLUSION

¶ 30 Our reversal of the defendant's conviction raises a double-jeopardy issue. The double-jeopardy clause of the United States Constitution prohibits the State from having another opportunity to try a case unless the first trial presented sufficient evidence to prove the defendant guilty beyond a reasonable doubt. *Johnson*, 2013 IL App (2d) 110535, ¶¶ 84-86. Thus, before remanding for a new trial, the possibility of double jeopardy requires us to rule upon the sufficiency of the evidence. See *People v. Taylor*, 76 Ill. 2d 289, 309 (1979). We have carefully reviewed the record in the light most favorable to the prosecution and conclude that there is sufficient evidence to support the jury's verdict of guilt beyond a reasonable doubt. On retrial, our determination is not binding and does not indicate our opinion on the defendant's guilt or innocence.

¶ 31 For the reasons stated, we reverse the defendant's conviction and remand the cause for a new trial.

¶ 32 Reversed and remanded.

**No. 2-18-0296**

| | |
|---|---|
| **Cite as:** | *People v. Sperry*, 2020 IL App (2d) 180296 |
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 17-CF-470; the Hon. John A. Barsanti, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Lilien, and Sade V. Edwards, of State Appellate Defender's Office, of Elgin, for appellant. |
| **Attorneys for Appellee:** | Joseph H. McMahon, State's Attorney, of St. Charles (Patrick Delfino, Edward R. Psenicka, and Katrina M. Kuhn, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |