Rule 23 order filed
April 6, 2015;
Motion to publish granted
April 28, 2015.

2015 IL App (5th) 130125

NO. 5-13-0125

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Perry County. |
| | ) | |
| v. | ) | No. 07-CF-112 |
| | ) | |
| SAMMY MOORE, | ) | Honorable |
| | ) | James W. Campanella, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE STEWART delivered the judgment of the court, with opinion.
Justices Schwarm and Moore concurred in the judgment and opinion.

**OPINION**

¶ 1    The defendant, Sammy Moore, appeals the denial of his motion for reconsideration of an order dismissing a petition for leave to file an untimely posttrial motion and notice of appeal. He seeks review of a prior order denying his oral motion to dismiss the case for failure to timely conduct a preliminary examination to determine probable cause. We affirm.

¶ 2                              BACKGROUND

¶ 3    On August 23, 2007, the State charged the defendant by information with one count of aggravated battery in violation of section 12-4(b)(18) of the Criminal Code of

1

1961 (720 ILCS 5/12-4(b)(18) (West 2006)).  The State alleged that the defendant struck correctional officer Peter Liszewski, knowing him to be a correctional officer engaged in the execution of his official duties.  This was a Class 2 felony.

¶ 4    On September 24, 2007, the court held a preliminary hearing, and the defendant appeared with court-appointed counsel.  The defendant, acting *pro se*, objected to the hearing, arguing that it was beyond the 30-day statutory limitation for a prompt preliminary hearing.  The defendant asserted that he was arrested on March 2, 2007.  He stated that after the incident with Officer Liszewski, officers at the Pinckneyville Correctional Center read him his rights, booked him, took his fingerprints, and told him he was under arrest.  The trial court informed the defendant that what happened at the Pinckneyville Correctional Center "had to be something that they, the police officers, did without the sanctions of a warrant that the state's attorney normally asks [the court] to issue.  Apparently it was something they did long before the state's attorney decided to bring the formal charge."  The court explained that the charges against the defendant were filed on August 23, 2007, and that the day of the preliminary hearing was within 30 days because the thirtieth day had fallen on Saturday, September 22, 2007, and the closest business day was the thirty-second day after the defendant was charged, which was Monday, September 24, 2007, the day of the hearing.  The court denied the defendant's motion.

¶ 5    The trial court proceeded to conduct the preliminary hearing.  Steve Stroka, a correctional officer at the Pinckneyville Correctional Center assigned to internal affairs investigations, testified for the State.  The defendant did not call any witnesses.  The

court found probable cause to hold the defendant to answer the information. The defendant entered a plea of not guilty.

¶ 6    On November 12, 2008, the State filed an amended information alleging that on March 2, 2007, the defendant, in committing a battery, knowingly made contact of an insulting or provoking nature with Peter Liszewski, in that he slapped Officer Liszewski's hand away when the officer attempted to secure the defendant's name tag, while the officer was on public property, being the Pinckneyville Correctional Center. This constituted an aggravated battery in violation of section 12-4(b)(8) of the Criminal Code of 1961 (720 ILCS 5/12-4(b)(8) (West 2006)), a Class 3 felony. On that same day, the defendant filed a written waiver of trial by jury.

¶ 7    At a hearing that day, the parties agreed to a stipulated bench trial. The court reviewed the amended charge and the possible penalties. The court informed the defendant that if he was found guilty it would impose a sentence of two years' imprisonment in the Department of Corrections to run consecutive to his current term, no fines would be imposed, and that he would have one year of mandatory supervised release. The court informed the defendant that he could not appeal the sentence without first filing a motion within 30 days to withdraw the agreement to a stipulated bench trial. The court admonished the defendant as follows:

"What can you appeal? I am sure [defense counsel] has told you, earlier rulings that I made that perhaps at some juncture played a part in your going along with the program here. I understand you have an issue with this 30 days preliminary hearing. I don't have any problem with that. I would love for somebody to tell me

3

that I was wrong in that respect and it's not going to bother me. I am thick skinned. Interstate detainer, I understand you have some issues with that. Again, I don't see how in the world that you can be prohibited from appealing those type of issues. So I am just trying to make perfectly clear you are not going to be able to appeal anything that has to do with this sentence unless you first come in here and ask me to undo the whole thing."

The defendant responded that he understood.

¶ 8 For its stipulated evidence, the State read a statement from Officer Liszewski. Officer Liszewski stated that on March 2, 2007, while working as a security officer in dietary, he ordered the defendant to a seating assignment. The defendant became belligerent. Officer Liszewski asked for the defendant's identification card, and the defendant was argumentative and refused twice to give the officer the card. Officer Liszewski reached to retrieve the card from the defendant's collar area, at which time the defendant slapped his hand, stating "don't touch me." This occurred at the Pinckneyville Correctional Center, which is public property. The court warned the defendant that if he offered no contrary evidence and defense counsel stipulated to the evidence presented by the State, it would "have no alternative but to find [him] guilty beyond a reasonable doubt." The defendant indicated that he had no evidence to offer. Defense counsel stipulated that the information provided by the State was "what Peter Liszewski would testify to. All of his statements indicate that and [the defendant] does not deny that he reached over and grabbed his ID and that he did in response to that grab, strike his hand

4

away or slap his hand away."  Defense counsel did not stipulate that the evidence presented in the stipulated bench trial was sufficient for a conviction.

¶ 9     The court then found the defendant guilty of aggravated battery, a Class 3 felony, and sentenced the defendant to two years' imprisonment in the Department of Corrections, to run consecutive to his current sentence.  No fines were imposed.

¶ 10    The court gave the defendant the following admonishment:

"In order to appeal this sentence you must first file in this trial court within 30 days of today's date a written motion to withdraw your consent to the stipulated bench trial and give me a very good reason for allowing me to do so.  If that motion is denied you still have 30 days from the date of that denial to file your written appeal in the Appellate Court in Mt. Vernon.  You must first file a notice of appeal in the Office of the Circuit Court here in Perry County.  We will assist you in preparing the same.  If at any of those times you do not have the money necessary to retain counsel or pay for a written transcript of these proceedings, either or both would be provided to you without charge, assuming you are indigent and qualify for the same.  Those are your appellate rights, do you understand them?"

The defendant stated that he understood.  When asked if he was satisfied with his attorney's representation the defendant replied "very satisfied."

¶ 11    On January 11, 2013, the defendant filed a *pro se* petition titled "Petition For Leave to File An Untimely Post Trial Motion And Notice Of Appeal."  He sought leave to file an untimely notice of appeal on the ground that it was not due to his culpable

negligence that the documents were not timely filed. He alleged that he had been represented by appointed counsel who was aware that he intended to appeal the denial of his *pro se* motion to dismiss the information because the preliminary hearing was not conducted within the 30-day statutory limitation for a prompt preliminary hearing. He averred that he was under the impression that his attorney had filed a posttrial motion and notice of appeal, and only learned the documents had not been filed after corresponding with counsel. The defendant asserted that his attorney told him that he had misconstrued the facts of the defendant's case and thought the defendant had pleaded guilty rather than entered into a stipulated bench trial. After reviewing the facts, the attorney realized his mistake. The defendant alleged that his counsel stated he was willing to file any documents pertaining to reserving the defendant's right to appeal the identified issue, but that he had lost contact with counsel. The defendant stated that he filed the petition on his own behalf because he lost contact with his counsel.

¶ 12 The defendant filed a motion to dismiss information along with his petition for leave to file an untimely posttrial motion. He argued that the trial court's failure to hold a preliminary hearing within 30 days of the filing of the information was a clear error of law. He renewed "any additional errors which would be apparent from a transcribed report of the entire proceedings." He also filed a notice of appeal seeking to appeal the September 24, 2007, order denying his *pro se* motion to dismiss the information on the ground that the preliminary hearing was not conducted within 30 days of the information being filed.

6

¶ 13    On January 14, 2013, the trial court denied the defendant's petition for leave to file an untimely posttrial motion and notice of appeal and his motion to dismiss the information. The court noted that the defendant had not filed a direct appeal and that the only reason he gave for his delay in filing the motion was that he was "under the impression" that his attorney had filed an appeal. The court found that "Defendant cannot merely make vague or conclusory assertions but must clearly demonstrate his diligent efforts to uncover matters he now claims entitle him to relief," citing *People v. Gunartt*, 327 Ill. App. 3d 550 (2002). It held that the defendant failed to allege any facts that showed that he employed any diligent efforts to uncover the matters that entitled him to relief. The court also found that the claimant was never arrested and taken into custody for the offense charged as he was already an inmate in the Department of Corrections on another charge and therefore did not qualify as a person taken into custody pursuant to section 109-3.1(b) of the Code of Criminal Procedure of 1963 (725 ILCS 5/109-3.1(b) (West 2006)). The court dismissed the petition with leave to refile it within 30 days, with a showing that the delay in the late filing was not due to his culpable negligence, "*i.e*. the defendant must allege facts showing the delay was not due to his negligent or reckless disregard of the time constraints and other circumstances of filing a timely post-conviction relief petition."

¶ 14    On February 19, 2013, the defendant filed a *pro se* motion for reconsideration. He asserted that the trial court cited *Gunartt* as its basis to deny his petition for leave to file an untimely posttrial motion and notice of appeal. He argued that *Gunartt* applies to postconviction petitions and none of the documents he filed could be construed as a

postconviction petition. He asserted that the documents he filed clearly stated that he sought leave to file an untimely posttrial motion and notice of appeal, and thus the petition should have been reviewed in accordance with Illinois Supreme Court Rule 606 (eff. Feb. 6, 2013). The defendant contended that the clerk should have filed a notice of appeal on his behalf because during the bench trial and sentencing hearing the trial court acknowledged his intention to file an appeal over the court's failure to grant him a preliminary hearing within 30 days, and failure to issue an arrest warrant once the information was filed in open court. He reiterated that he inquired about the status of his appeal and his counsel informed him he would "look into it and get it taken care of."

¶ 15 The defendant attached a letter from his attorney dated November 5, 2009, stating that, although the defendant had expressed concern about preserving his right to appeal, the attorney did not file a notice of appeal and could not recall what was discussed about filing one. He stated that he had ordered a transcript and offered to assist the defendant. Defense counsel did not file any subsequent documents in this case.

¶ 16 On February 20, 2013, the trial court entered an order denying the defendant's motion for reconsideration. The court held that it recharacterized the defendant's original petition for leave to file an untimely posttrial motion and notice of appeal as a postconviction petition and granted the defendant leave to amend the same because it had no jurisdiction to entertain a petition for leave to file an untimely posttrial motion and notice of appeal filed any time after 30 days of the entry of the judgment and sentence to the Department of Corrections. The court noted that, in his motion for reconsideration, the defendant pointed out to the court that he did not intend for his motion to be

8

characterized as a postconviction petition. The court held that it had no jurisdiction to entertain a posttrial motion filed more than 30 days after the entry of judgment and sentence on November 12, 2008.

¶ 17    On March 14, 2013, the defendant filed a notice of appeal challenging the February 20, 2013, order denying his motion for reconsideration, the September 24, 2007, order denying his *pro se* motion to dismiss, and the January 14, 2013, order denying his *pro se* petition for leave to file an untimely posttrial motion and notice of appeal.

¶ 18                                    ANALYSIS

¶ 19    A notice of appeal must be filed with the circuit court within 30 days after the entry of the final judgment appealed from, or, if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion. Ill. S. Ct. R. 606(b) (eff. Feb. 6, 2013). Failure to comply with the rule leaves the appellate court without jurisdiction. *People v. Stevenson*, 2011 IL App (1st) 093413, ¶ 29. "[A] trial court loses jurisdiction to hear a cause at the end of the 30-day window following the entry of a final judgment." *People v. Bailey*, 2014 IL 115459, ¶ 8. The jurisdiction of trial courts to reconsider and modify their judgments is not indefinite and generally expires 30 days after the entry of the judgment in the absence of a timely postjudgment motion. *Id*. ¶ 14.

¶ 20    The defendant concedes that his petition for leave to file an untimely posttrial motion and notice of appeal was filed more than four years after the judgment was entered and sentence was imposed. However, the defendant argues that the trial court

9

was not divested of jurisdiction to consider his petition because the trial court did not properly advise him of his appeal rights after he was found guilty in a stipulated bench trial. He asserts that this court should apply the "admonition exception" to Illinois Supreme Court Rule 604 (eff. Feb. 6, 2013) and consider his appeal on the merits.

¶ 21 Illinois Supreme Court Rule 605 (eff. Oct. 1, 2001) sets forth the admonishments regarding the right to appeal that a criminal defendant is to receive after judgment and sentence. *People v. Henderson*, 217 Ill. 2d 449, 455 (2005). "There are two types of defendants who receive Rule 605 admonishments–those who have been found guilty following a trial and those who have pleaded guilty." *Id.* Defendants who have been found guilty following a trial are to be given admonishments pursuant to Rule 605(a), while those who have pleaded guilty should be given admonishments pursuant to Rule 605(b) and (c). *Id.*

¶ 22 Confusion often arises over the type of admonishments a defendant should receive after a stipulated bench trial. If stipulated evidence is introduced and the trial court finds the defendant guilty based on that evidence, the defendant is considered to have been found guilty, rather than pleading guilty, and he should be admonished under Rule 605(a). *People v. Horton*, 143 Ill. 2d 11, 20-22 (1991). However, if the defendant stipulates that the evidence presented at the stipulated bench trial is sufficient to convict, the stipulated bench trial is "tantamount to a guilty plea," and the defendant should be admonished pursuant to Rule 605(b) and (c). *Id.* Here, the defendant did not stipulate that the evidence presented at the stipulated bench trial was sufficient to convict, and the proceeding was not "tantamount to a guilty plea." Instead, the defendant in this case was

10

found guilty after a stipulated bench trial, and he should have been admonished of his appeal rights under Rule 605(a).

¶ 23 Supreme Court Rule 605(a)(1) provides, in pertinent part, that in all cases in which the defendant is found guilty and sentenced to imprisonment, the trial court, at the time of sentencing shall advise the defendant of his right to appeal and the right to request the clerk to prepare and file a notice of appeal. The court must admonish the defendant at the time of imposing sentence that the right to appeal the judgment of conviction, excluding the sentence imposed or modified, will be preserved only if a notice of appeal is filed in the trial court within 30 days from the date the sentence is imposed. Ill. S. Ct. R. 605(a)(3)(A) (eff. Oct. 1, 2001). Prior to taking an appeal, if the defendant seeks to challenge the correctness of the sentence, or any aspect of the sentencing hearing, the defendant must file a written motion in the trial court asking to have the trial court reconsider the sentence imposed, or any challenges to the sentencing hearing within 30 days of the date on which the sentence is imposed. Ill. S. Ct. R. 605(a)(3)(B) (eff. Oct. 1, 2001).

¶ 24 Rule 605(b) sets forth the admonishments of appeal rights to be given a defendant who has pleaded guilty in a plea that was not negotiated, and Rule 605(c) sets forth the admonishments required when the defendant has entered a negotiated plea. In either case, the defendant must be advised that, prior to filing an appeal, he must first file a motion in the trial court to withdraw his plea of guilty and have the judgment vacated.

¶ 25 Here, at the time sentence was imposed, the trial judge expressly stated that he considered the stipulated bench trial to be "tantamount to a guilty plea," and gave the

11

defendant a modified admonishment under Rule 605(b) and (c). Specifically, the trial court told the defendant that prior to appealing, and within 30 days, he must first file a "written motion to withdraw [his] consent to the stipulated bench trial." This was an incorrect admonishment. The defendant should have been admonished under Rule 605(a).

¶ 26 The defendant argues that the admonition exception adopted by the supreme court in *People v. Foster*, 171 Ill. 2d 469 (1996), should be applied to appeals from faulty Rule 605(a) admonitions so that the appellate court can reach the merits of an appeal. The admonition exception allows the appellate court to entertain appeals in cases where the defendant did not comply with Rule 604(d)'s written-motion requirement because the trial court failed to provide Rule 605(b) admonitions. *Id.* at 473. In other words, the admonition exception applies when the defendant has received faulty admonitions in a guilty plea. Ordinarily, if the defendant fails to file a written motion within 30 days to withdraw the guilty plea, or reconsider the sentence, as required by Rule 604(d), the appellate court must dismiss the appeal, leaving the Post-Conviction Hearing Act as the defendant's only recourse. *Id.* at 471. However, if the trial court fails to advise the defendant of the written-motion requirement as mandated by Rule 605(b), the admonition exception allows the appellate court to remand the case to the circuit court for strict compliance with Rule 604(d). *Id*. at 474. The admonition exception allows appellate courts to entertain appeals in those circumstances because if a defendant is not admonished of the necessary steps to appeal from a sentence imposed upon a plea of guilty as required by Rule 605(b), it would violate procedural due process to hold a

12

defendant responsible for noncompliance with the strictures of Rule 604(d). *Id*. at 473.

¶ 27 The defendant acknowledges in his brief that "[t]here does not appear to be any case law addressing the question of whether the admonitions exception applies to an incorrect admonition under Rule 605(a)," but argues that the "trend in the case law" suggests that it should be applied. The defendant appears to argue that an incorrect Rule 605(a) admonition provides him with an unlimited time period to appeal his conviction. We need not address the defendant's argument that the admonitions exception should be applied to faulty Rule 605(a) admonitions. The supreme court has made it clear that the admonitions exception does not extend the time allowed for the defendant to perfect an appeal.

¶ 28 In *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34 (2011), the supreme court addressed whether the trial court had jurisdiction over the defendant's motion to withdraw his guilty plea and vacate his conviction filed 12 years after he entered a negotiated plea when he received no admonitions about his right to appeal. *Id.* at 36-37. Rule 604(d) establishes a condition precedent, that the defendant must file a motion to withdraw his guilty plea and vacate the sentence, within 30 days of the date sentence is imposed, for an appeal from a defendant's plea of guilty. *Id*. at 39-40. Once the trial court has heard and determined a case, its jurisdiction to reconsider and modify the judgment is not indefinite, and the court generally loses jurisdiction to vacate or modify its judgment 30 days after entry of judgment. *Id*. at 40. The court found that at the time the defendant filed his motion to withdraw his guilty plea and vacate his conviction, the trial court no longer had the authority to consider it. *Id*. at 41. The defendant contended that the trial court failed

13

to advise him regarding his right to appeal and that the admonition exception applied. *Id*. at 41-42. The court noted that the "admonition exception provided by Rule 605 is for the *appellate court* to apply after defendant timely files a notice of appeal from a guilty plea even though the defendant did not first comply with Rule 604(d)'s condition precedent of filing a postplea motion in the circuit court." (Emphasis in original.) *Id*. at 42. The court held that the admonition exception cannot restore jurisdiction to the trial court after 30 days from the entry of judgment. *Id*.

¶ 29 The court found that the admonition exception did not apply because the defendant did not mistakenly file a timely notice of appeal without first filing a Rule 604(d) motion in the trial court. *Id*. at 43. Rather, the defendant filed an untimely motion to withdraw his guilty plea, and the trial court's jurisdiction over the defendant's guilty plea and resulting conviction had long since lapsed by the time the defendant finally asserted his request for relief pursuant to Rule 604(d). *Id*. The court held that the trial court had no jurisdiction to address the Rule 604(d) motion on its merits. *Id*. The court further held that even if the trial court had found the defendant's Rule 605 contention meritorious, it could not have granted him relief because it lacked jurisdiction. *Id*.

¶ 30 Similarly, in the instant case, the trial court lacked jurisdiction. When the defendant filed his petition for leave to file an untimely posttrial motion and notice of appeal, the trial court's jurisdiction had long since lapsed. As the court in *Skryd* held, the admonition exception is for the appellate court to apply when the defendant files a timely notice of appeal, even though he did not comply with any conditions precedent as required by the supreme court rules. *Id*. at 42. There was no timely notice of appeal, so

14

the admonition exception does not apply. In *Skryd*, the defendant received no admonishments about his appellate rights, and the trial court could not consider his untimely petition because it lacked jurisdiction. *Id*. at 43. "The admonition exception cannot restore jurisdiction to the circuit court after 30 days from the entry of judgment." *Id*. at 42. Because the defendant's petition in the instant case was untimely, the trial court lacked jurisdiction even though he received an incorrect or incomplete admonishment.

¶ 31 The defendant also argues that his appeal should be considered on the merits because his defense counsel knew he wanted to preserve his right to appeal but did not file a timely notice of appeal, thereby denying him effective assistance of counsel. However, the trial court had no jurisdiction to adjudicate his ineffective assistance of counsel claim. The defendant filed his petition for leave to file an untimely posttrial motion and late notice of appeal more than four years after the expiration of the period for filing a direct appeal. Thus, the trial court could not grant relief under Rule 606(c). However, "when a postconviction petitioner demonstrates that defense counsel was ineffective for failing to file a notice of appeal, the trial court may allow the petitioner leave to file a late notice of appeal." *People v. Ross*, 229 Ill. 2d 255, 271 (2008). The defendant would have been better served if he had allowed the trial court to recharacterize his pleading as a postconviction petition. A postconviction petition was the only way the defendant could file a late notice of appeal beyond the time frame of Rule 606(c), and he specifically rejected this option when the trial court recharacterized his petition and gave him the opportunity to refile it.

¶ 32 The trial court properly dismissed the defendant's motion for leave to file an

15

untimely posttrial motion and notice of appeal. The admonishment exception does not apply in this case. The trial court lacked jurisdiction to entertain a late posttrial motion or an untimely notice of appeal. The defendant's only recourse was to file a postconviction petition and attempt to establish lack of culpable negligence, but he expressly rejected this option.

¶ 33                                CONCLUSION

¶ 34    For the foregoing reasons, we affirm the judgment of the circuit court.


¶ 35    Affirmed.

2015 IL App (5th) 130125

NO. 5-13-0135

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Perry County. |
| | ) | |
| v. | ) | No. 07-CF-112 |
| | ) | |
| SAMMY MOORE, | ) | Honorable |
| | ) | James W. Campanella, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

**Rule 23 Order Filed:**        April 6, 2015
**Motion to Publish Granted:**        April 28, 2015
**Opinion Filed:**        April 28, 2015

_____

**Justices:**        Honorable Bruce D. Stewart, J.

                 Honorable S. Gene Schwarm, J., and
                 Honorable James R. Moore, J.,
                 Concur

_____

**Attorneys**
**for**
**Appellant**
       Michael J. Pelletier, State Appellate Defender, Ellen J. Curry,
Deputy Defender, Richard J. Whitney, Assistant Appellate Defender,
Office of the State Appellate Defender, Fifth Judicial District, 909
Water Tower Circle, Mt. Vernon, IL 62864

_____

**Attorneys**
**for**
**Appellee**
       Hon. David Stanton, State's Attorney, Perry County Courthouse,
P.O. Box 377, Pinckneyville, IL 62274; Patrick Delfino, Director,
Stephen E. Norris, Deputy Director, Sharon Shanahan, Staff
Attorney, Office of the State's Attorneys Appellate Prosecutor,
Fifth District Office, 730 E. Illinois Highway 15, Suite 2, P.O.
Box 2249, Mt. Vernon, IL 62864

_____