2024 IL App (2d) 230248-U
No. 2-23-0248
Order filed April 16, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 21-CF-860 |
| TREVON D. MORRIS, | ) ) ) | Honorable John A. Barsanti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court.
Justices Hutchinson and Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We grant the appellate defender's motion to withdraw as counsel in defendant's appeal from the denial of his postplea motion.  As counsel correctly notes, defendant's motion was untimely and, therefore, the trial court lacked jurisdiction to consider it.

¶ 2    On October 20, 2022, defendant, Trevon D. Morris, entered a nonnegotiated plea of guilty to a single count of aggravated driving under the influence of alcohol or other drugs (625 ILCS 5/11-501(d)(1)(F) (West 2020)).  On December 12, 2022, the trial court sentenced defendant to a 12-year prison term.  The court properly admonished defendant under Illinois Supreme Court Rule 605(b) (eff. Oct. 1, 2001) that he had the right to appeal but, before appealing, was required within

30 days of sentencing to file a motion to reconsider the sentence or withdraw the guilty plea and vacate the judgment. Defendant filed neither such motion within the prescribed period, but on May 8, 2023, he moved to withdraw his plea. The court denied the motion because it was untimely and, thus, the court lacked jurisdiction over the matter. Defendant filed a notice of appeal from the denial of the motion, and the trial court appointed the Office of the State Appellate Defender.

¶ 3    Per *Anders v. California*, 386 U.S. 738 (1967), and *People v. Jones*, 38 Ill. 2d 384 (1967), the appellate defender moves to withdraw as counsel. In his motion, counsel states that he read the record and found no issue of arguable merit. Counsel further states that he advised defendant of his opinion. Counsel supports his motion with a memorandum of law providing a statement of facts, one potential issue for appeal, and an argument why that issue lacks arguable merit. We advised defendant that he had 30 days to respond to the motion. Defendant did not respond.

¶ 4    Counsel advises us that he considered whether to argue that the trial court erred in denying defendant's untimely motion to withdraw the plea. Counsel concludes that any challenge to the trial court's ruling would be meritless. We agree. Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) provides, in pertinent part:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment."

It is well established that "[t]he jurisdiction of trial courts to reconsider and modify their judgments is not indefinite and generally expires 30 days after the entry of the judgment in the absence of a timely postjudgment motion." *People v. Moore*, 2015 IL App (5th) 130125, ¶ 19 (citing *People v. Bailey*, 2014 IL 115459, ¶ 14). "This 30-day limitation is incorporated into Rule 604(d), which

governs postjudgment motions in cases \*\*\* where the defendant has pleaded guilty." *People v. Flowers*, 208 Ill. 2d 291, 303 (2003). While we lack jurisdiction to consider the merits of any motion over which the trial court itself lacked jurisdiction, we have jurisdiction at least to determine whether the trial court indeed lacked jurisdiction. See *Bailey*, 2014 IL 115459, ¶¶ 28-29; *Flowers*, 208 Ill. 2d at 307. Here, defendant filed his postplea motion more than 30 days after the entry of the judgment on his guilty plea. The trial court correctly recognized that it lacked jurisdiction and denied the motion.

¶ 5    Counsel does not discuss whether the trial court's appeal admonishments at sentencing complied with Rule 605. In some cases, the lack of adequate Rule 605 admonishments may require the reviewing court to remand the matter for further proceedings. See *Flowers*, 208 Ill. 2d at 301. However, when a defendant files an untimely postplea motion, it is irrelevant whether he had received proper Rule 605 admonishments, because the trial court lacks jurisdiction to grant relief. See *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 41-43 (2011) (error in Rule 605 admonishments "cannot restore jurisdiction to the circuit court after 30 days from entry of judgment").

¶ 6    After examining the record, the motion to withdraw, and the memorandum of law, we agree with counsel that this appeal presents no issue of arguable merit. Accordingly, we grant the motion to withdraw and we affirm the judgment of the circuit court of Kane County.

¶ 7    Affirmed.