2024 IL App (2d) 230376-U
No. 2-23-0376
Order filed May 15, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kendall County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 10-CF-282 |
| SHAWN M. RIIS, | ) ) ) | Honorable Robert P. Pilmer, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BIRKETT delivered the judgment of the court.
Presiding Justice McLaren and Justice Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We agree with appellate counsel that there is no potentially meritorious basis for appeal.  Therefore, we grant counsel's motion to withdraw, and we affirm the trial court.

¶ 2    Defendant, Shawn M. Riis, appeals from the denial of his motion to reconsider his sentence for predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2004)).  The Office of the State Appellate Defender was appointed to represent defendant on appeal, but now moves to withdraw, explaining that there is no arguably meritorious basis for appellate relief.  We grant the motion and affirm.

¶ 3                                  I. BACKGROUND

¶ 4      On January 4, 2011, defendant entered a fully negotiated guilty plea to a single count of predatory criminal sexual assault of a child.  In exchange for his plea, other charges were dismissed, and he was sentenced to a 35-year prison term.  Defendant did not move to withdraw his plea within 30 days of sentencing.  However, on July 24, 2023, defendant filed a *pro se* motion to reconsider his sentence, arguing that he should be resentenced, under an "amended sentencing guideline," to a prison term between 4 to 15 years.  The trial court denied the motion, reasoning as follows:

> "At this time, *** I don't know that there's anything I can do about reconsidering the sentence and applying the current guidelines to what happened.
>
>      I see that the sentence was *** entered on January 4, 2011.  And it does indicate there was an agreed-upon sentence.  So I don't know that I can reconsider the sentence or apply any current guidelines."

¶ 5      This appeal followed.

¶ 6                                  II. ANALYSIS

¶ 7      The appellate defender moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), and *People v. Jones*, 38 Ill. 2d 384 (1967).  In her motion, counsel states that she read the record and found no issue of arguable merit.  Counsel further states that she advised defendant of her opinion.  Counsel supports her motion with a memorandum of law providing a statement of facts and an argument as to why this appeal presents no issue of arguable merit.  We advised defendant that he had 30 days to respond to the motion.  That time has passed, and defendant has not responded.

¶ 8     Counsel advises us that she considered whether to argue that the denial of defendant's untimely motion to reconsider his sentence is subject to appellate review on the merits. Counsel concludes that there is no arguably meritorious basis for relief. We agree.

¶ 9     Illinois Supreme Court Rule 604(d) (eff. July 1, 2006) provides, in pertinent part:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment."

¶ 10    It is well established that "[t]he jurisdiction of trial courts to reconsider and modify their judgments is not indefinite and generally expires 30 days after the entry of the judgment in the absence of a timely postjudgment motion." *People v. Moore*, 2015 IL App (5th) 130125, ¶ 19 (citing *People v. Bailey*, 2014 IL 115459, ¶ 14). "This 30-day limitation is incorporated into Rule 604(d), which governs postjudgment motions in cases *** where the defendant has pleaded guilty." *People v. Flowers*, 208 Ill. 2d 291, 303 (2003). While we lack jurisdiction to consider the merits of any motion over which the trial court itself lacked jurisdiction, we have jurisdiction at least to determine whether the trial court indeed lacked jurisdiction. See *Bailey*, 2014 IL 115459, ¶¶ 28-29; *Flowers*, 208 Ill. 2d at 307.

¶ 11    Here, defendant filed his postplea motion years after sentencing. Based on the trial court's remarks, it is not entirely clear whether the court recognized that it lacked jurisdiction to consider defendant's motion or whether it simply considered defendant's motion a meritless attempt to

avoid the consequences of his negotiated plea. In either case, the trial court properly denied relief (although, technically, the court should have stricken defendant's untimely motion rather than deny it).

¶ 12    Counsel notes that, under Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001), the trial court must inform a defendant at the time of sentencing following a guilty plea that the defendant must file a postplea motion in order to preserve the right to an appeal. Counsel further notes that compliance with Rule 604(d) may be excused if the trial court fails to comply with Rule 605(c). *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 41 (2011). Although counsel asserts that there is no substantive basis here for arguing that the trial court failed to comply with Rule 605(c), we further observe that, when a defendant files an untimely postplea motion, it is irrelevant whether he had received proper Rule 605 admonishments, because the trial court lacks jurisdiction to grant relief. See *Skryd*, 241 Ill. 2d at 41-43 (error in Rule 605 admonishments "cannot restore jurisdiction to the circuit court after 30 days from entry of judgment").

¶ 13                                    III. CONCLUSION

¶ 14    For the reasons stated, we grant counsel's motion to withdraw, and we affirm the judgment of the circuit court of Kendall County.

¶ 15    Affirmed.