NOTICE

Decision filed 01/03/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230339-U

NO. 5-23-0339

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 07-CF-211 |
| | ) | |
| BRANDON L. JOHNSON, | ) | Honorable |
| | ) | Neil T. Schroeder, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE McHANEY delivered the judgment of the court.
Justices Cates and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court did not err in denying leave to file a successive postconviction petition where the issues in the proposed petition were based on the trial record and defendant's only asserted "cause" for failing to raise them sooner was his lack of legal knowledge. As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Brandon L. Johnson, appeals the circuit court's order denying leave to file a successive postconviction petition. His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that the circuit court erred. Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD has notified defendant of its motion, and this court has provided him an opportunity to file a response, which

1

he has done. However, after considering the record on appeal, OSAD's memorandum and supporting brief, and defendant's response, we agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                     BACKGROUND

¶ 4     Following a jury trial, defendant was convicted of aggravated battery of a child and sentenced to 29 years in prison. Briefly summarized, the trial evidence showed that defendant and Amber MacLeod brought their unresponsive three-month-old son, Trisdon, to the hospital. Defendant, who had been caring for Trisdon while MacLeod worked, told police that, while carrying Trisdon, he tripped over a "bouncy chair" causing Trisdon to hit his head on a coffee table. However, two doctors who treated Trisdon opined that, given the extent of his injuries, they could not have been caused accidentally.

¶ 5     Defense counsel submitted Illinois Pattern Jury Instructions, Criminal (IPI Criminal), No. 5.01B, which defines "knowingly." The court refused the instruction noting that the committee comments recommend giving the instruction only if the jury requests guidance on the issue. In closing, the prosecutor told the jury, "You don't have to find that he did anything specific. You don't have to find every single injury. Just that he knowingly caused great bodily harm to Trisdon."

¶ 6     The jury found defendant guilty. The court sentenced him to 29 years' imprisonment.

¶ 7     On direct appeal, this court affirmed. *People v. Johnson*, No. 5-09-0661 (2010) (unpublished order under Illinois Supreme Court Rule 23) (*Johnson I*). Although defendant raised several arguments, he did not contend that the court erred by refusing IPI Criminal No. 5.01B. Nor did he challenge the prosecutor's above-quoted argument.

2

¶ 8    In 2012, defendant filed a postconviction petition. He argued several instances of ineffective assistance of counsel, including that counsel failed to hire an expert—despite promising to do so—and failed to tender an instruction on the lesser-included offense of reckless conduct. The court denied the petition following a hearing. This court affirmed. *People v. Johnson*, 2016 IL App (5th) 130554 (*Johnson II*).

¶ 9    In 2014, defendant filed a petition pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2014)), which claimed, *inter alia*, that State was erroneously allowed to make confusing arguments about the requisite mental state and that the court should have given IPI Criminal 5.01B. The court dismissed the petition as untimely.

¶ 10    In 2015, defendant sought leave to file a successive postconviction petition, arguing that it was error to deny his counsel's request for IPI Criminal 5.01B, that postconviction counsel provided unreasonable assistance by failing to raise that issue, and that direct-appeal counsel was ineffective for failing to raise the issue. The circuit court denied leave to file. Defendant appealed both rulings, but voluntarily dismissed the appeal.

¶ 11    Defendant again moved for leave to file a successive petition in 2017, arguing that the general consensus among the medical community suggests that the types of injuries found in shaken baby cases can have accidental causes. The court denied leave to file.

¶ 12    Later that same year, defendant sought leave to file another successive postconviction petition. The proposed petition alleged that (1) defendant's fourth amendment rights were violated during police interrogation; (2) the prosecutor misstated the law during closing arguments; (3) the trial court erred in refusing his request to instruct the jury on the definition of knowing conduct; (4) he should not have received a 29-year sentence after rejecting a 12-year sentence during plea negotiations; (5) it was improper to seat a juror who was previously a public defender; and

3

(6) defendant was actually innocent. Defendant's asserted cause for failing to raise these issues earlier was that he was not an attorney and did not have adequate access to a law library.

¶ 13    The court denied leave to file and assessed a $75 sanction for filing a frivolous pleading. On appeal, this court granted counsel leave to withdraw and affirmed. *People v. Johnson*, 2022 IL App (5th) 180201-U (*Johnson III*).

¶ 14    On April 5, 2023, defendant sought leave to file yet another successive postconviction petition. He argued that the erroneous refusal of IPI Criminal 5.01B, combined with the State's erroneous arguments about defendant's mental state, deprived him of a fair trial. The circuit court, noting that both aspects of the issue had been raised previously, denied leave to file. The court sanctioned defendant an additional $75 for filing a frivolous pleading. Defendant timely appealed.

¶ 15                                    ANALYSIS

¶ 16    OSAD concludes that there is no good-faith argument that the circuit court erred in denying leave to file. It notes that the issue is based on the trial record and thus could have been raised on direct appeal or in defendant's initial postconviction petition. Moreover, his claim that he was unaware of the specific legal arguments in favor of these issues does not establish cause for failing to raise them sooner. We agree.

¶ 17    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) provides a mechanism by which a criminal defendant may assert that his conviction resulted from a substantial denial of his constitutional rights. *Id.* § 122-1(a); *People v. Delton*, 227 Ill. 2d 247, 253 (2008). Issues that were decided on direct appeal or in previous collateral proceedings are barred by *res judicata. People v. Pitsonbarger*, 205 Ill. 2d 444, 458 (2002). Issues that could have been raised earlier, but were not, are forfeited. *People v. Blair*, 215 Ill. 2d 427, 443-44 (2005).

4

¶ 18     The Act contemplates the filing of only one postconviction petition and provides in section 122-3 (725 ILCS 5/122-3 (West 2020)) that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." *People v. Bailey*, 2017 IL 121450, ¶ 15. To file a successive petition, a defendant must obtain leave of court, which may be granted where the defendant demonstrates cause for his or her failure to bring the claim in an initial postconviction proceeding and prejudice resulting from that failure. 725 ILCS 5/122-1(f) (West 2020). "Cause" in this context refers to any objective factor, external to the defense, which impeded the petitioner's ability to raise a specific claim in the initial postconviction proceeding. *Pitsonbarger*, 205 Ill. 2d at 462.

¶ 19     Defendant's most recent proposed petition argued that the court erred in refusing to give IPI Criminal No. 5.01B and that the State's arguments allegedly diminishing its burden of proof with regard to defendant's mental state made this instruction necessary. He raised both arguments in his previous proposed petition. The only cause he alleged was that he is not an attorney and had inadequate access to law libraries. We rejected this argument, noting that defendant was afforded an attorney-assisted postconviction petition and two attorney-assisted appeals and that, in any event, lack of law library access was insufficient cause for failing to raise an issue. *Johnson III*, 2022 IL App (5th) 180201-U, ¶ 10 (citing *People v. LaPointe*, 365 Ill. App. 3d 914, 924 (2006)).

¶ 20     In his most recent filing, defendant alleges no new cause beyond that which we found insufficient in his previous appeal. Indeed, defendant does not mention "cause" at all. Further, the record demonstrates no objective reason why the issue could not have been raised on direct appeal or in the initial postconviction petition.

¶ 21     Defense counsel tendered IPI Criminal No. 5.01B during trial. There followed a fairly extensive discussion about why it should or should not be given. The prosecutor's allegedly

5

objectionable argument was included in the trial transcript. Thus, the basis for the argument has been in the record from the beginning and defendant has offered no reason why he could not have raised the argument on direct appeal or in his initial postconviction petition. We note that he did argue in the latter document that appellate counsel was ineffective for not raising certain issues but did not include the instructional issue as one that counsel should have raised.

¶ 22 Defendant also cannot show prejudice because the issue lacks merit in any event. The proposed instruction defines the term "knowingly." Generally, a court need not define the term "knowingly" in an original set of jury instructions because the term is within the jury's common knowledge. *People v. Sperry*, 2020 IL App (2d) 180296, ¶ 15. If a jury asks for clarification about such a term, or manifests confusion about its meaning, then the court must instruct the jurors accordingly. *Id.* Here, the jury never claimed that it was confused about the meaning of "knowingly" or requested guidance on the issue. See *People v. Comage*, 303 Ill. App. 3d 269, 275 (1999) (citing IPI Criminal 3d No. 5.01B[1], Committee Comment, at 104) (instruction was prepared primarily for response to jury inquiries).

¶ 23 In his response, defendant argues that trial and appellate counsel were ineffective for failure to raise these issues. He asks rhetorically how "HE was expected to possess the knowledge to raise this issue in his initial Post-Conviction Petition when three (3) licensed attorneys at law failed to raise it at trial or on direct review."

¶ 24 Defendant's argument misses the point. Initially, in reviewing an attorney's performance, we must indulge a strong presumption that his decisions are the result of strategy rather than incompetence. *People v. Smith*, 195 Ill. 2d 179, 188 (2000). Thus, we may not assume that, because defendant's prior attorneys failed to raise the issue, they simply missed it. Instead, we assume that they were aware of the issue—the factual underpinnings of which were in the record—

6

and made a strategic decision not to raise it. See *People v. Easley*, 192 Ill. 2d 307, 329 (2000) (appellate counsel is not obligated to brief every conceivable issue on appeal, and it is not incompetence of counsel to refrain from raising issues which, in his or her judgment, are without merit, unless counsel's appraisal of the merits is patently wrong).

¶ 25    If a defendant disagrees with appellate counsel's appraisal of the merits of a given issue, he must raise the issue of ineffectiveness of appellate counsel in a postconviction petition or it is waived. See *Blair*, 215 Ill. App. 3d at 443-44. Here, defendant did raise in his initial postconviction petition numerous instances of ineffective assistance of trial counsel and argued in an amendment that appellate counsel was ineffective for not raising trial counsel's ineffectiveness. Defendant fails to explain why he had sufficient knowledge to raise those issues but not this one.

¶ 26    In any event, defendant's argument that his lack of legal knowledge excuses his failure to timely raise the issue must fail. The supreme court has made very clear that " 'all citizens are charged with knowledge of the law' " and that " '[i]gnorance of the law or legal rights will not excuse a delay in filing a lawsuit.' " *People v. Evans*, 2013 IL 113471, ¶ 13 (quoting *People v. Lander*, 215 Ill. 2d 577, 588 (2005)). Accordingly, ignorance of the law can never be the "cause" for failing to present a claim in an initial postconviction petition. *Id.*

¶ 27    That defendant lacked sufficient "legal knowledge" to raise the issue cannot excuse his failure to raise it earlier. To hold otherwise would risk reading the "cause" requirement out of the statute entirely. A defendant would be free to file successive postconviction petitions *ad infinitum*, arguing each time that appellate counsel was ineffective for failing to raise the new issue and the defendant himself simply did not know about it. As noted, everything needed to raise the issue was in the trial transcript. Defendant does not contend that the law has changed or that any new facts came to light since his initial postconviction petition, and his only real excuse for not raising

it sooner was that he did not think of it at the same time as all the other reasons that he believed trial counsel was incompetent.

¶ 28                                    CONCLUSION

¶ 29    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 30    Motion granted; judgment affirmed.