NOTICE
Decision filed 12/23/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 240477-U

NO. 5-24-0477

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal form the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 07-CF-211 |
| | ) | |
| BRANDON L. JOHNSON, | ) | Honorable |
| | ) | Neil T. Schroeder, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Vaughan and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court did not err in dismissing the defendant's motion for sentencing relief brought under 725 ILCS 5/122-9, which permits only the State's Attorney, not the defendant, to petition the court for resentencing. The court also did not err in sanctioning the defendant pursuant to 735 ILCS 5/22-105 for a frivolous filing, where there was no basis in law or fact for his motion and no nonfrivolous argument for the modification of the relevant law. As any arguments to the contrary would lack merit, we grant the defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant-appellant Brandon L. Johnson was convicted of aggravated battery of a child and was sentenced to 29 years in the Illinois Department of Corrections. He appeals from the denial of his motion to reconsider his motion for resentencing. The defendant's appointed attorney in this appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks substantial merit. On that basis, OSAD has filed a motion to withdraw as counsel pursuant to

1

*Pennsylvania v. Finley*, 481 U.S. 551 (1987), along with a memorandum of law in support of that motion.

¶ 3    OSAD gave proper notice to the defendant. This court gave him an opportunity to file a *pro se* brief, memorandum, or other document explaining why OSAD should not be allowed to withdraw as counsel, or why this appeal has merit, but the defendant has not done so. This court has examined OSAD's *Finley* motion and the accompanying memorandum of law, as well as the entire record on appeal, and has concluded that this appeal does indeed lack merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 4                                BACKGROUND

¶ 5    On April 15, 2009, following a jury trial, Johnson was convicted of aggravated battery of a child. He was sentenced to 29 years in prison on May 21, 2009. On June 17, 2009, Johnson filed a *pro se* motion for reduction of sentence. Before any hearing was held on the motion, Johnson, through counsel, filed a notice of appeal on June 19, 2009. The circuit court entered an order setting a hearing date at which it would either resolve the pending motion or consider a dismissal of the appeal.

¶ 6    The State filed a motion to dismiss Johnson's motion to reduce sentence, arguing that all of the allegations contained therein lacked merit. The State also filed a motion to strike the notice of appeal as premature, as it was filed before the entry of the order disposing of all pending postjudgment motions. On December 2, 2009, the circuit court held a hearing to address all outstanding motions and Johnson's notice of appeal. Johnson appeared at the hearing *pro se*. The same day, the court entered an order granting the State's motion to strike Johnson's notice of appeal and denying Johnson's motion to reduce sentence.

2

¶ 7    Johnson then appealed. Johnson raised four arguments on direct appeal. *People v. Johnson*, No. 5-09-0661 (2010) (unpublished order under Illinois Supreme Court Rule 23). The first was that the circuit court committed reversible error by overruling his challenge pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986). Second, he alleged that some of the State's closing remarks substantially prejudiced him by shifting the burden of proof from the State to the defendant. Third, he challenged the sufficiency of the State's evidence of the requisite mental state to sustain his conviction. Lastly, he argued that the circuit court abused its discretion in failing to instruct the jury on the lesser-included offense of reckless conduct. We affirmed the judgment of the circuit court.

¶ 8    Johnson filed an initial postconviction petition alleging ineffective assistance of trial and appellate counsel, which the circuit court denied. We affirmed the decision on appeal. *People v. Johnson*, 2016 IL App (5th) 130554.

¶ 9    In 2014, Johnson filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2014)), which was dismissed as untimely. In 2015, he filed a motion for leave to file a successive postconviction petition. The court denied him leave to file. Johnson initially appealed both the dismissal of his section 2-1401 petition and the denial of leave to file his successive postconviction petition, but he subsequently moved to voluntarily dismiss this consolidated appeal.

¶ 10   In 2017, Johnson again filed a motion for leave to file a successive postconviction petition, which the court also denied. Additionally, the court imposed a sanction of $75 for filing a frivolous pleading. We affirmed the court's decision on appeal, and granted OSAD's motion to withdraw as appellate counsel. *People v. Johnson*, 2022 IL App (5th) 180201-U. Johnson filed yet another motion for leave to file a successive postconviction petition in 2023. The court once more denied

the motion and sanctioned him $75 for filing a frivolous pleading. We affirmed on appeal and granted OSAD's motion to withdraw as appellate counsel. *People v. Johnson*, 2024 IL App (5th) 230339-U.

¶ 11     On February 12, 2024, Johnson filed a "motion for resentencing consideration" pursuant to section 122-9 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/122-9 (West 2022)). In his motion, he argued that under this provision, the court may consider postconviction factors, including a record of rehabilitation while incarcerated and his disciplinary record while in custody, and then determine whether the evidence reflects changed circumstances since the imposition of the original sentence, such that continued incarceration no longer serves the interests of justice. Johnson attached to his petition various documents demonstrating his rehabilitation and potential to contribute to society. Johnson asked the court to consider his postconviction evidence and resentence him.

¶ 12     The circuit court dismissed his motion. In its written order, the court explained that Johnson brought his motion pursuant to section 122-9 of the Code, which is titled "Motion to resentence *by the People*" (emphasis added) and permits only the State's Attorney, not a defendant, to petition the court for resentencing. The court again imposed a $75 sanction for filing a frivolous pleading.

¶ 13     Johnson filed a motion to reconsider, arguing that he did not intend to make a frivolous, bad-faith filing. He contended that he relied on a form from the law library at the facility where he was incarcerated in citing to section 122-9 of the Code as authority for his motion, and therefore had no reason to question the legitimacy of his motion. He also argued that other inmates had successfully filed similar motions in "various courts," and challenged the court's interpretation of his motion, which he claimed he intended to be a "motion for reconsideration/rescission." Johnson further requested that the court rescind the $75 sanction, as he was not aware that the motion he

4

filed could only be initiated by the State's Attorney's office. The court denied his motion on March 14, 2024.

¶ 14 Johnson filed a timely notice of appeal from the denial of his motion for reconsideration. OSAD now moves to withdraw as appellate counsel.

¶ 15                                                    ANALYSIS

¶ 16 OSAD argues that dismissal of the motion to reconsider sentence was proper, and there are no meritorious arguments to the contrary. In the memorandum supporting its *Finley* motion to withdraw as counsel, OSAD states that it considered raising the following issues on Johnson's behalf: (1) whether the circuit court erred in denying his *pro se* motion for resentencing pursuant to section 122-9 of the Code (725 ILCS 5/122-9 (West 2022)); and (2) whether the court erred in imposing monetary sanctions pursuant to section 22-105 of the Code of Civil Procedure (735 ILCS 5/22-105 (West 2022)). However, OSAD concludes that these challenges to the circuit court's ruling lack arguable merit. As we agree with counsel's assessment that there is no meritorious basis for this appeal, we grant OSAD leave to withdraw.

¶ 17                          A. Denial of Motion for Sentencing Relief

¶ 18 Johnson's *pro se* "Motion for Resentencing Consideration" sought sentencing relief pursuant to section 122-9 of the Code. This section of the Code is entitled "Motion to resentence by the People," and explains that by providing a means to reevaluate a sentence, "the General Assembly intends to provide *the State's Attorney* and the court with another tool to ensure that the[ ] purposes [of sentencing] are achieved." (Emphasis added.) 725 ILCS 5/122-9(a) (West 2022). The section also provides, in pertinent part, that "[a]t any time upon the recommendation of the State's Attorney of the county in which the defendant was sentenced, *the State's Attorney*

may petition the sentencing court \*\*\* to resentence the offender if the original sentence no longer advances the interests of justice." (Emphasis added.) *Id.* § 122-9(b).

¶ 19    We review the circuit court's interpretation of a statute *de novo*. *Wilkins v. Williams*, 2013 IL 114310, ¶ 13. It is well settled that the primary aim of statutory interpretation is to ascertain and give effect to the legislature's intent. *Id.* ¶ 14. The best indication of that intent is the language of the statute, given its plain and ordinary meaning. *Id.* "When the statutory language is clear and unambiguous, it must be applied without resort to other aids of construction." *Id.*; see also *Schultz v. St. Clair County*, 2022 IL 126856, ¶ 19.

¶ 20    Here, the statutory language is clear that only the State's Attorney is permitted to file a motion asking the court to reconsider a defendant's sentence under this section of the Code of Criminal Procedure. The legislature's purpose in enacting this section of the Code, as explicitly stated in the statutory text, is to "provide the State's Attorney and the court" with another tool for achieving the goals of sentencing, which are described in this same provision as "advanc[ing] public safety through punishment, rehabilitation, and restorative justice." 725 ILCS 5/122-9(a) (West 2022). Thus, the legislature chose to specifically allow the State's Attorney to petition the court for a reevaluation of its sentencing determination after some time has passed. *Id.*; see also *id.* § 122-9(b).

¶ 21    The statutory language explicitly names the State's Attorney, and not the defendant, in identifying who may initiate proceedings to review sentencing under this provision. Where the statutory language is clear and unambiguous, it must be applied as written, "and we cannot depart from the plain language by reading into it exceptions or limitations not expressed by our legislature." *In re Kelan W.*, 2022 IL 128031, ¶ 15. While Johnson is correct in arguing that under this provision, the court has the authority to resentence an individual "if the original sentence no

6

longer advances the interests of justice" (725 ILCS 5/122-9(b) (West 2022)), he cannot advance a meritorious argument that the court erred in erred in denying his motion, as criminal defendants may not petition the court for resentencing under section 122-9 of the Code.

¶ 22     Furthermore, the fact that Johnson claims to have relied on section 122-9 based on his review of the resources available to him at his facility's law library does not excuse his error. See *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78 (*pro se* litigants are not entitled to more lenient treatment than attorneys, and must comply with the same rules and are held to the same standards as attorneys).

¶ 23     Finally, OSAD notes that the circuit court lacked jurisdiction to consider a motion to reconsider sentence from Johnson, as it was filed over 30 days after the entry of final judgment. A defendant must file a motion to reconsider sentence within 30 days of the imposition of sentence. Ill. S. Ct. R. 605(a)(3) (eff. Oct. 1, 2001). The court's jurisdiction to modify judgments expires upon the lack of a filing within 30 days of the judgment. *People v. Moore*, 2015 IL App (5th) 130125, ¶ 19 (citing *People v. Bailey*, 2014 IL 115459, ¶ 8 (explaining that the revestment doctrine applies as a narrow exception to this general rule)). Johnson was sentenced on May 21, 2009, and filed an initial motion to reconsider sentence on June 17, 2009. That motion was denied on December 2, 2009.

¶ 24     Johnson did not file the motion at issue until February 12, 2024, well past the 30-day deadline. The court did not extend this deadline, and there is nothing else in the record to argue that Johnson's latest motion to reconsider sentence could be considered timely even if he had brought it under different statutory authority.

7

¶ 25                    B. Imposition of Monetary Sanctions

¶ 26    In dismissing Johnson's motion, the circuit court imposed a $75 sanction for a frivolous filing pursuant to section 22-105 of the Code of Civil Procedure. Under section 22-105, if the court makes a specific finding that a prisoner's filing for postconviction relief, a subsequent petition for relief from judgment, or another action against the State is frivolous, "the prisoner is responsible for the full payment of filing fees and actual court costs." 735 ILCS 5/22-105 (West 2022). The purpose of sanctions such as these is to discourage frivolous filings, not to punish parties for making losing arguments. See *Lake Environmental, Inc. v. Arnold*, 2015 IL 118110, ¶ 15 (discussing court's authority to sanction under Illinois Supreme Court Rule 137 (eff. July 1, 2013)).

¶ 27    Section 22-105 defines a filing as "frivolous" if it meets any of the following criteria:

> "(1) it lacks an arguable basis either in law or in fact;
>
> (2) it is being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (3) the claims, defenses, and other legal contentions therein are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (4) the allegations and other factual contentions do not have evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; or
>
> (5) the denials of factual contentions are not warranted on the evidence, or if specifically so identified, are not reasonably based on a lack of information or belief." 735 ILCS 5/22-105(b) (West 2022).

¶ 28    The court had already sanctioned Johnson for frivolous filings twice prior to his filing of the 2024 motion for sentencing relief, alerting him to the consequences of any similar future actions. As we explained above, there was no arguable basis for his motion, filed pursuant to statutory authority that permitted only the State's Attorney to petition the court for resentencing. Johnson also did not present any nonfrivolous argument for the extension, modification, or reversal

8

of the existing law, merely claiming, without any support, that other inmates had filed such motions in other courts and successfully had those motions heard. As we have also stated, Johnson is not entitled to greater leniency as a *pro se* defendant. Finally, his motion for sentencing relief clearly falls within the list of filings that the court may sanction pursuant to section 22-105.

¶ 29 Therefore, we agree with OSAD that there is no meritorious argument to be made that the court erred in sanctioning Johnson.

¶ 30                               CONCLUSION

¶ 31 As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 32 Motion granted; judgment affirmed.