NOTICE
Decision filed 06/12/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250288-U

NO. 5-25-0288

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 07-CF-211 |
| | ) | |
| BRANDON L. JOHNSON, | ) | Honorable |
| | ) | Neil T. Schroeder, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE CLARKE delivered the judgment of the court.
Justices Barberis and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Where the trial court did not err in dismissing the defendant's "motion to vacate voidable judgment," and any argument to the contrary would lack merit, this court grants the defendant's appellate counsel leave to withdraw and affirms the judgment of the trial court.

¶ 2    This case is before this court for the sixth time. In 2009, a jury found the defendant, Brandon L. Johnson, guilty of aggravated battery of a child. The trial court sentenced the defendant to imprisonment for 29 years, and he continues to serve his sentence in the Illinois Department of Corrections. On direct appeal, this court affirmed the conviction and sentence. In subsequent years, the defendant attacked, or attempted to attack, the conviction and sentence, in various ways, but always without success.

1

¶ 3    He now appeals from the trial court's denial of his "motion to vacate voidable judgment."

His appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has

concluded that this appeal lacks arguable merit and, on that basis, has filed with this court a motion

for leave to withdraw as counsel, along with a supporting memorandum of law. See *Pennsylvania*

*v. Finley*, 481 U.S. 551 (1987). OSAD properly served the defendant with notice of the *Finley*

motion. This court granted him an opportunity to file a response to the motion, but he has not filed

one. Having examined OSAD's *Finley* motion and the accompanying memorandum of law, and

having reviewed the record, this court shares OSAD's assessment of this appeal. Accordingly, this

court grants OSAD leave to withdraw and affirms the judgment of the trial court.

¶ 4                                    I. BACKGROUND

¶ 5    As previously noted, this criminal case has been before this court on prior occasions. Here

follows a summary of the pleadings and events relevant to the instant appeal.

¶ 6                    A. Jury Trial, Posttrial Motion, and Direct Appeal

¶ 7    In April 2009 the defendant was brought to trial for aggravated battery of a child. See 720

ILCS 5/12-4.3(a) (West 2004) (knowingly causing great bodily harm to a child under the age of

13 years). The victim was the defendant's infant son, who suffered a comminuted skull fracture

and a severe brain injury. Private counsel represented the defendant. Following the presentation of

all the evidence, the trial court and the parties held a jury-instruction conference. During that

conference, the defendant's trial counsel asked the court to instruct the jury pursuant to Illinois

Pattern Jury Instructions, Criminal, No. 5.01B (4th ed. 2000) (Hereinafter IPI Criminal 4th No.

5.01B), which defined "knowledge" and described when a person acted "knowingly." The State

objected. The court declined to give IPI Criminal 4th No. 5.01B "for several reasons," including,

*inter alia*, that the instruction was "a bit misleading" as to the charged offense. During closing

2

argument, in both its initial and rebuttal arguments, the State very briefly discussed the element of "knowingly" causing harm to the victim, arguments that did not draw an objection from the defense. The trial court instructed the jury using the pattern definitional and issues instructions for aggravated battery of a child. See Illinois Pattern Jury Instructions, Criminal, No. 11.25, 11.26 (4th ed. 2000). Both the definitional instruction and the issues instruction make clear that a person cannot commit aggravated battery of a child unless he "knowingly" causes great bodily harm to a child. The jury returned a verdict finding the defendant guilty.

¶ 8    In his posttrial motion, the defendant claimed, *inter alia*, that the State's evidence was insufficient to establish the defendant's guilt, and that "[t]he trial court erred when it failed to admonish the State during closing argument when the prosecutor stated that there is no longer a presumption of innocence or words to that effect." The posttrial motion included neither a claim relating to IPI Criminal 4th No. 5.01B, which defined "knowledge," nor an allegation relating to the State's closing argument as it pertained to the defendant's "knowingly" causing harm.

¶ 9    After a hearing on the defendant's posttrial motion, the trial court denied the motion. Following a sentencing hearing, the court sentenced the defendant to imprisonment for 29 years.

¶ 10    On direct appeal, the defendant, represented by a different private counsel, raised four issues. One of these issues was whether the motion for an acquittal was denied in error where the State failed to prove the required mental state to sustain a conviction for aggravated battery of a child, because knowing conduct could not be inferred where the mechanism of injury remained ambiguous. In its decision, this court rejected that argument, concluding that the trial court did not err in denying the defendant's motion for an acquittal "because a rational trier of fact could have inferred that the defendant acted knowingly or intentionally." The defendant, in the direct appeal, did not include any argument relating to IPI Criminal 4th No. 5.01B, which defined "knowledge,"

3

nor did he include any argument relating to the State's closing argument at trial as it pertained to the defendant's "knowingly" causing harm. This court affirmed the judgment of conviction in its entirety. *People v. Johnson*, No. 5-09-0661 (2010) (unpublished order under Illinois Supreme Court Rule 23).

¶ 11            B. Initial Petition for Postconviction Relief, Denial, and Appeal

¶ 12    On April 9, 2012, the defendant filed *pro se* an initial petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2010)). He claimed that trial counsel had provided him with ineffective assistance—before and during trial, and at sentencing.

¶ 13    The trial court appointed postconviction counsel for the defendant. On the defendant's behalf, postconviction counsel filed an amended postconviction petition. The amended petition incorporated the *pro se* petition and reiterated the ineffective-assistance claims contained therein.

¶ 14    Neither the *pro se* postconviction petition nor the amended postconviction petition included a claim concerning IPI Criminal 4th No. 5.01B, which defined "knowledge." Neither petition included a claim concerning the State's closing argument as it pertained to the defendant's "knowingly" causing harm to the victim.

¶ 15    The State filed a motion to dismiss the amended postconviction petition. The trial court held a hearing on the State's motion to dismiss. The court granted the State's motion to dismiss, but only in regard to a claim about trial counsel's failure to object to a remark made by the court at sentencing. The court denied the State's motion to dismiss in regard to all the other ineffective-assistance claims in the postconviction petition.

¶ 16    After ruling on the State's motion to dismiss, the trial court held a hearing on the remaining counts of the amended postconviction petition. Two witnesses, the defendant's mother and the

defendant himself, testified. Then, the evidentiary hearing was adjourned due to the unavailability of the defendant's trial counsel as a witness, and the hearing was set to resume on a future date.

¶ 17     Before the resumption of the evidentiary hearing, postconviction counsel filed on behalf of the defendant an "amended amended postconviction petition." This petition largely reiterated the claims presented in prior petitions but added a new claim of ineffective assistance of trial counsel. However, this latest amended petition also did not raise a claim concerning IPI Criminal 4th No. 5.01B, which defined "knowledge," nor did it raise a claim concerning the State's closing argument as it pertained to the defendant's "knowingly" causing harm to the victim.

¶ 18     When the evidentiary hearing resumed, trial counsel testified. The defendant's mother testified again. Following the evidentiary hearing, the trial court took the matter under advisement.

¶ 19     In October 2013 the trial court entered a written order that denied the defendant's postconviction petition. On appeal, this court affirmed the denial of the initial postconviction petition. *People v. Johnson*, 2016 IL App (5th) 130554.

¶ 20         C. Further Attempts to Attack the Judgment or to Modify the Sentence; Appeals

¶ 21     In June 2014 the defendant filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2012)). He claimed, *inter alia*, that "the State was allowed to use unconstitutionally misleading and/or confusing jury instructions." For this claim, the defendant referred to IPI Criminal 4th No. 5.01B, which defined "knowledge," and also referred to the State's very brief discussion, during closing argument to the jury at trial, that the defendant "knowingly" caused harm to the victim. The State filed a motion to dismiss the section 2-1401 petition. In October 2014 the defendant filed an amended section 2-1401 petition for relief from judgment. In this amended petition, the defendant claimed, *inter alia*, that the trial court had erred in declining his request to instruct the jury pursuant to IPI Criminal

5

4th No. 5.01B, which defined "knowledge." In March 2015 the trial court granted the State's motion to dismiss, dismissing the defendant's section 2-1401 petition as untimely. The defendant appealed from the dismissal order, perfecting an appeal in *People v. Johnson*, No. 5-15-0127.

¶ 22 In April 2015 the defendant filed a motion for leave to file a successive postconviction petition. See 725 ILCS 5/122-1(f) (West 2012). He sought to raise claims that included, *inter alia*, that postconviction counsel in his initial postconviction proceeding had been "ineffective" for failing to raise the issue that the trial court had erred in declining his request to instruct the jury pursuant to IPI Criminal 4th No. 5.01B, which defined "knowledge." The trial court denied the defendant leave to file a successive petition. The defendant appealed from the denial order, perfecting an appeal in case No. 5-15-0161.

¶ 23 This court consolidated appeal Nos. 5-15-0127 and 5-15-0161 under consolidated appeal No. 5-15-0127. The defendant filed with this court a motion to voluntarily dismiss the consolidated appeal. This court granted the motion. *Johnson*, No. 5-15-0127.

¶ 24 In February 2017 the defendant *pro se* filed another motion for leave to file a successive postconviction petition. He sought to raise a claim that new scientific developments now raised a reasonable doubt about his conviction. In March 2017 the trial court entered an order finding that neither cause nor prejudice had been established, and denying the defendant leave to file a successive petition. In that same order, the trial court cautioned the defendant that the court could order him to pay costs and fees for frivolous filings, but the court also stated that it was not taking such action in this instance. No appeal was taken from this denial order.

¶ 25 In August 2017, the defendant *pro se* filed still another motion for leave to file a successive postconviction petition. He also submitted the proposed successive petition. The defendant sought to raise, *inter alia*, a claim that the trial court had erred, and had deprived him of a fair trial, when

6

it declined to instruct the jury that it could convict the defendant of aggravated battery of a child only if it found that he had acted "knowingly." The defendant added that "the confusion engendered by giving the incorrect jury instruction was compounded by the emphasis placed upon those instructions in the State's closing argument." In March 2018 the trial court entered a written order that denied the defendant leave to file a successive postconviction petition. Regarding the claims about how the jury was instructed and the State's closing argument, the court found that these claims had been forfeited because they could have been raised on direct appeal or afterward but were not. The defendant perfected an appeal. This court affirmed the trial court's denial of the defendant's motion for leave to file a successive petition. *People v. Johnson*, 2022 IL App (5th) 180201-U.

¶ 26    In April 2023 the defendant filed *pro se* yet another motion for leave to file a successive postconviction petition. The defendant sought to raise claims that included, *inter alia*, a claim that the trial court had erred when it declined to instruct the jury pursuant to IPI Criminal 4th No. 5.01B, which defined "knowledge," and a claim that the trial court "committed reversible error by allowing the State to argue an incorrect legal definition of 'knowingly' in closing arguments." The defendant acknowledged that these claims had been raised previously.

¶ 27    Also in April 2023 the trial court entered a written order, noting that the defendant's claims had been raised previously—in a motion for leave to file a successive petition, filed in August 2017—and that the defendant had acknowledged as much. On that basis, the trial court denied the defendant leave to file a successive petition. In that same written order, the court sanctioned the defendant for filing a frivolous motion for leave to file, assessing fees and costs in the amount of $75. The defendant appealed from the denial order. On appeal, this court affirmed the trial court's judgment. *People v. Johnson*, 2024 IL App (5th) 230339-U.

7

¶ 28    In February 2024 the defendant filed *pro se* a "motion for resentencing consideration" under section 122-9 of the Code of Criminal Procedure of 1963 (725 ILCS 5/122-9 (West 2022)). The trial court entered a written order dismissing the motion for resentencing. The court explained that only the State (and not the defendant) could seek resentencing under section 122-9. In the same written order, the court again imposed a $75 sanction for filing a frivolous pleading. On appeal, this court affirmed the judgment. *People v. Johnson*, 2024 IL App (5th) 240477-U.

¶ 29    D. "Motion to Vacate Voidable Judgment": The Subject of the Instant Appeal

¶ 30    On September 30, 2024, the defendant filed *pro se* a "motion to vacate voidable judgment." The motion did not specify that it was filed under any particular statutory provision. In the motion, the defendant quoted five sentences from the State's closing argument to the jury at his trial. (The State's closing argument, in its entirety, comprised approximately nine pages in the report of proceedings.) The first three quoted sentences were from the State's initial argument to the jury: "You don't have to find that he did anything specific. You don't have to find every single injury. Just that he knowingly caused great bodily harm to [the victim]." The last two quoted sentences were from the State's rebuttal argument: "And the word knowingly, that a reasonable person knew what was going on. The doctors both said it, a reasonable person would have known that whatever happened to [the victim] happened to [the victim]." According to the defendant's motion, these five quoted sentences amounted to a "fraud" or a "deception," one in which the trial court participated. The defendant claimed: "The State clearly argued an erroneous definition of the word 'knowingly,' and the trial court cooperated with the State and erred by not only permitting the State to argue her erroneous understanding of the law to the jury, but by also later denying the Defendant's proposed jury instructions for 'knowingly.'" There followed an extended quotation from the jury-instruction conference, which was held after all the evidence had been completed.

8

During the quoted portion of the instruction conference, trial counsel argued that the trial court should instruct the jury pursuant to IPI Criminal 4th No. 5.01B, which defined "knowledge," but the trial court declined to give the instruction.

¶ 31 On December 20, 2024, the defendant filed *pro se* a one-page "addendum to motion to vacate voidable judgment." The addendum consisted of an extended quote from the decision in *United States v. Edwards*, 869 F.3d 490, 499-500 (7th Cir. 2017), wherein the federal court of appeals discussed the importance of instructing the jury as to each element of an offense.

¶ 32 On March 25, 2025, the trial court entered a written order that dismissed the defendant's motion and addendum. "In the motion," the court stated, "the defendant raises issues that have been litigated *ad nauseum*." In that same dismissal order, the court again imposed a $75 sanction for filing a "clearly frivolous" pleading. The defendant perfected the instant appeal. The trial court appointed OSAD as his appellate attorney.

¶ 33                                  II. ANALYSIS

¶ 34 This appeal is from the trial court's dismissal of the defendant's "motion to vacate voidable judgment." As previously mentioned, OSAD has concluded that this appeal lacks arguable merit and, on that basis, has filed a motion to withdraw as counsel. Accompanying its motion is a memorandum of law, wherein OSAD discusses three potential issues for review. This court agrees with OSAD that each potential issue is without merit.

¶ 35 The first potential issue discussed by OSAD is whether the claim that the defendant raised in his "motion to vacate voidable judgment" was a claim that could properly be raised in a section 2-1401 petition for relief from judgment (735 ILCS 5/2-1401 (West 2022)). A section 2-1401 petition "is the forum in a criminal case in which to correct all errors of fact occurring in the prosecution of a cause, unknown to the petitioner and court at the time judgment was entered,

9

which, if then known, would have prevented its rendition." *People v. Haynes*, 192 Ill. 2d 437, 461 (2000). Dismissal of a 2-1401 petition is reviewed *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 14 (2007).

¶ 36 In his "motion to vacate voidable judgment," the defendant sought to raise a claim that concerned the trial court's declining the defendant's request to instruct the jury pursuant to IPI Criminal 4th No. 5.01B (defining "knowledge") and the State's closing argument to the jury regarding the defendant's "knowingly" harming the victim. As OSAD states in its memorandum of law, "all of the relevant facts were known to [the defendant] and the court at the time the judgment was entered." Accordingly, this claim could not be raised in a section 2-1401 petition.

¶ 37 The second potential issue discussed by OSAD is whether the claim the defendant raised in his "motion to vacate voidable judgment" was barred by forfeiture or *res judicata*. The defendant had been presenting this claim (or something very much like it) for years. In June 2014 he presented the claim in a section 2-1401 petition, which the trial court dismissed as untimely. In April 2015 the defendant sought to present a similar claim in a motion for leave to file a successive postconviction petition, which the trial court denied. In August 2017 and again in April 2023 the defendant sought to present the same basic claim in motions for leave to file successive postconviction petitions, which the trial court denied on both occasions. The latter two denials were affirmed by this court. See *Johnson*, 2022 IL App (5th) 180201-U; see also *Johnson*, 2024 IL App (5th) 230339-U. In its March 25, 2025, order dismissing the defendant's "motion to vacate voidable judgment," the trial court was correct in stating that the defendant was raising an issue that "[had] been litigated *ad nauseum*."

¶ 38 The third potential issue discussed by OSAD is whether the trial court erred in imposing a filing fee sanction pursuant to section 22-105(a) of the Code of Civil Procedure (735 ILCS 5/22-

105(a) (West 2022)). *De novo* review is appropriate when interpreting a statute. *People v. LaPointe*, 227 Ill. 2d 39, 43 (2007). Section 22-105(a) permits a court to hold a prisoner "responsible for the full payment of filing fees and actual court costs" if the court specifically finds that the prisoner filed a "frivolous" pleading or motion. 735 ILCS 5/22-105(a) (West 2022). Where the defendant raised in his motion the same claim that he unsuccessfully raised in multiple prior pleadings, the trial court cannot be said to have erred in finding frivolous the defendant's "motion to vacate voidable judgment" or in imposing the $75 sanction.

¶ 39                                III. CONCLUSION

¶ 40    The trial court did not err in dismissing the defendant's "motion to vacate voidable judgment." Also, the court did not err in finding the defendant's motion frivolous, or in sanctioning the defendant for filing the motion. Any argument to the contrary would lack arguable merit. Accordingly, this court grants OSAD leave to withdraw as appellate counsel and affirms the judgment of the trial court.

¶ 41    Motion granted; judgment affirmed.